IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | § § § | |
|     Plaintiff | § § | CASE NO. 4:21-CV-2122 |
| v. | § § | |
| TRIPLE P.G. SAND DEVELOPMENT, L.LC. | § § § | |
|     Defendant | § | JURY TRIAL DEMANDED |

## DEFENDANT TRIPLE P.G. SAND DEVELOPMENT, L.L.C.'S ORIGINAL ANSWER

Defendant **TRIPLE P.G. SAND DEVELOPMENT, L.L.C.** ("Triple P.G.") files this Original Answer to Plaintiff Atain Specialty Insurance Company's ("Atain" or "Plaintiff") Original Complaint Seeking Declaratory and Other Relief and would show the Court the following:

### I. INTRODUCTION

1. Regarding Paragraph Number "1," Triple P.G. admits that Atain seeks a Declaratory Judgment as set forth in the Original Complaint Seeking Declaratory and Other Relief ("Original Complaint"), but Triple P.G. denies that Atain is entitled to the relief sought. Triple P.G. is without sufficient information to admit or deny whether the Policy referenced in the Original Complaint is complete, true, and accurate.

### II. PARTIES

2. Triple P.G. is without sufficient information to admit or deny allegations in Paragraph Number "2."

3.  As to Paragraph Number "3," Triple P.G. denies that it is a corporation, and the correct name of Defendant is "Triple P.G. Sand Development, L.L.C." Triple P.G. admits the remainder of Paragraph Number "3."

### III.  JURISDICTION AND VENUE

4.  Triple P.G. denies Paragraph Number "4."

5.  Triple P.G. admits the allegations in Paragraph Number "5."

6.  Triple P.G. admits the allegations in Paragraph Number "6."

### IV.  BACKGROUND

7.  Triple P.G. admits the allegations in Paragraph Number "7."

8.  Triple P.G. admits that Atain issued Policy CIP307002 ("Policy") to Triple P.G. covering Policy period August 31, 2016 to August 31, 2017, and admits the remaining allegations in Paragraph Number "8." Triple P.G. refers the Court to the Policy for a full and accurate recitation of its terms.

9.  As to Paragraph Number "9," Triple P.G. admits that three lawsuits—(1) Cause No. 2018-66557; *John Ellisor v. Hansen Aggregates*, *LLC et al;* in the 11th District Court of Harris County, Texas ("*Ellisor*"); (2) Cause No. 2020-08901; *Eduardo Del Pino v. Hansen Aggregates LLC, et al*; in the 129th Judicial District Court of Harris County, Texas ("*Del Pino*"); and (3) Cause No. 2020-48333; *Steven Nelson v. Hanson Aggregates LLC, et al*; in the 270th Judicial District of Harris County, Texas ("*Nelson*")—exist, but denies the allegations contained therein and Plaintiff's characterizations of these lawsuits, collectively referred to herein as the "Underlying Lawsuits." Triple P.G. refers the Court to the Underlying Lawsuits for a full and accurate recitation of their allegations.

10. Triple P.G. admits the allegations in Paragraph Number "10" but denies both the allegations contained in the Underlying Lawsuits and Plaintiff's characterization of the Underlying Lawsuits.

11. As to Paragraph Number "11," Triple P.G. admits that there are Underlying Lawsuits but denies both the allegations contained in the Underlying Lawsuits and Plaintiff's characterization of the Underlying Lawsuits. Triple P.G. admits that there is a 15th Amended Petition in the *Ellisor* suit, an Original Petition in the *Del Pino* suit, and a First Amended Petition in the *Nelson* suit. Triple P.G. denies the remaining allegations in Paragraph Number "11."

12. As to Paragraph Number "12," Triple P.G. admits that the Underlying Lawsuits make allegations against Triple P.G. but denies those allegations.

13. As to Paragraph Number "13," Triple P.G. admits that each of the Underlying Lawsuits makes certain allegations, which Triple P.G. denies, against Triple P.G., and denies the remaining allegations in Paragraph Number "13."

14. As to Paragraph Number "14," Triple P.G. admits that Plaintiff is selectively quoting from the *Ellisor* 15th Amended Petition but denies both Plaintiff's characterization of and the allegations contained in the 15th Amended Petition, which speaks for itself.

15. As to Paragraph Number "15," Triple P.G. admits that Plaintiff is selectively quoting from the *Ellisor* 15th Amended Petition but denies both Plaintiff's characterization of and the allegations contained in the 15th Amended Petition, which speaks for itself.

16. As to Paragraph Number "16," Triple P.G. admits that Plaintiff is selectively quoting from the *Ellisor* 15th Amended Petition but denies both Plaintiff's characterization of and the allegations contained in the 15th Amended Petition, which speaks for itself.

17.     As to Paragraph Number "17," Triple P.G. admits that Plaintiff is selectively quoting from the *Ellisor* 15th Amended Petition but denies both Plaintiff's characterization of and the allegations contained in the 15th Amended Petition, which speaks for itself.

18.     Triple P.G. denies all allegations in Paragraph Number "18" and denies the allegations and Plaintiff's characterization of the *Ellisor* petitions, which speak for themselves.

19.     As to Paragraph Number "19," Triple P.G. admits that Plaintiff is selectively quoting from the *Ellisor* 11th Amended Petition but denies both Plaintiff's characterization of and the allegations contained in the 11th Amended Petition, which speaks for itself.

20.     As to Paragraph Number "20," Triple P.G. admits that Plaintiff is selectively quoting from the *Ellisor* 11th Amended Petition but denies both Plaintiff's characterization of and the allegations contained in the 11th Amended Petition, which speaks for itself.

21.     As to Paragraph Number "21," Triple P.G. admits that Plaintiff is selectively quoting from the *Del Pino* Original Petition but denies both Plaintiff's characterization of and the allegations contained in the Original Petition, which speaks for itself.

22.     As to Paragraph Number "22," Triple P.G. admits that Plaintiff is selectively quoting from the *Del Pino* Original petition but denies both Plaintiff's characterization of and the allegations contained in the Original Petition, which speaks for itself.

23.     As to Paragraph Number "23," Triple P.G. admits that Plaintiff is selectively quoting from the *Del Pino* Original Petition but denies both Plaintiff's characterization of and the allegations contained in the Original Petition, which speaks for itself.

24.     As to Paragraph Number "24," Triple P.G. admits that Plaintiff is selectively quoting from the *Nelson* First Amended Petition but denies both Plaintiff's characterization of and the allegations contained in the First Amended Petition, which speaks for itself.

25. As to Paragraph Number "25," Triple P.G. admits that Plaintiff is selectively quoting from the *Nelson* First Amended Petition but denies both Plaintiff's characterization of and the allegations contained in the First Amended Petition, which speaks for itself.

26. As to Paragraph Number "26," Triple P.G. admits that the plaintiffs in the Underlying Lawsuits are seeking exemplary damages against defendants in the Underlying Lawsuits but denies that the plaintiffs in the Underlying Lawsuits are entitled to said exemplary damages.

27. As to Paragraph Number "27," Triple P.G. admits that Plaintiff is selectively quoting the language of the Policy but denies Plaintiff's characterization of the Policy, which speaks for itself.

28. Triple P.G. denies the allegations in Paragraph Number "28."

29. As to Paragraph Number "29," Triple P.G. admits that Plaintiff is selectively quoting the language of the Policy but denies Plaintiff's characterization of the Policy, which speaks for itself.

30. As to Paragraph Number "30," Triple P.G. denies that the Policy contains language that would remove the Underlying Lawsuits from coverage. Triple P.G. admits that Plaintiff is selectively quoting the language of the Policy but denies Plaintiff's characterization of the Policy, which speaks for itself.

31. As to Paragraph Number "31," Triple P.G. denies that the Policy contains definitions that may affect or eliminate coverage. Triple P.G. admits that Plaintiff is selectively quoting the language of the Policy but denies Plaintiff's characterization of the Policy, which speaks for itself.

## V.  COVERAGE POSITION

32. Triple P.G. denies the allegations in Paragraph Number "32."

33. Triple P.G. denies the allegations in Paragraph Number "33."

34. Triple P.G. denies the allegations in Paragraph Number "34."

35. As to Paragraph Number "35," Triple P.G. admits the Plaintiff is selectively quoting from *Lamar Homes, Inc. v Mid-Continent Cas. Co.* but denies Plaintiff's characterization of the Supreme Court's opinion, which speaks for itself.

36. Triple P.G. denies the allegations in Paragraph Number "36."

37. Triple P.G. denies the allegations in Paragraph Number "37."

38. Triple P.G. denies the allegations Paragraph Number "38" and denies Atain's right to the relief that it is seeking.

39. Triple P.G. admits that Atain seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 but denies that Atain is entitled to such declaration.

## VI.  PLAINTIFF'S PRAYER

40. Triple P.G. denies that Plaintiff is entitled to any relief stated in its prayer in its entirety.

## VII.  AFFIRMATIVE DEFENSES

41. Triple P.G. denies that Plaintiff has stated a claim upon which relief can be granted.

42. Triple P.G. asserts that the coverage rights, grants, and the exclusions in the policies are ambigious, including, but not limited to, the definition of pollutant.

43. Triple P.G. asserts that Plaintiff's declaratory action has not included all necessary parties under Federal Rule of Civil Procedure 19, namely the tort claimants in the Underlying Lawsuits who have a claim or interest that would be affected by the declaration herein; accordingly if said claimants are not joined to this litigation this matter must be dismissed.

Defendant **Triple P.G. Sand Development, L.L.C.** prays that the Court enter declaratory judgment in its favor and for other such relief to which Defendant Triple P.G. Sand Development, L.L.C. is justly entitled.

Respectfully submitted,

*/s/ Scott C. Skelton*
Scott C. Skelton
State Bar No. 00784979
SDTX Bar No. 28268
SKELTON | SLUSHER | BARNHILL |
  WATKINS | WELLS PLLC
1616 S. Chestnut St.
Lufkin, Texas 75901
Phone: 936.632.2300
Fax: 936.632.6545
sskelton@skeltonslusher.com
**Attorney for Defendant**

*/s/ Holli Pryor-Baze*
Holli Pryor-Baze
State Bar No. 24013357
SDTX Bar No. 24586
hypryorbaze@akingump.com
Alyx Eva
State Bar No. 24116334
SDTX Bar No. 3544812
aeva@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Phone: 713.220.5800
Fax: 713.236.0822
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served electronically via *U.S. District Court [LIVE] Document Filing System* to all known counsel of record, on this 25th day of August, 2021.

*/s/ Scott C. Skelton*
Scott C. Skelton