United States District Court
Southern District of Texas
**ENTERED**
April 04, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Atain Specialty Insurance Company, § § § § | |
| *Plaintiff,* § | Case No. 4:21-cv-02122 |
| § | |
| v. § | |
| § | |
| Triple PG Sand Development, LLC, § § | |
| *Defendant.* § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Atain Specialty Insurance Company ("Atain") filed a motion requesting that this Court certify for interlocutory appeal its Order (Dkt. 37) adopting the undersigned's memorandum and recommendation (Dkt. 35) and denying Atain's motion for summary judgment. Dkt. 38. The Order held that Atain "failed to establish the relevant exclusion provision bars coverage" so as to negate Atain's duty to defend Defendant Triple PG Sand Development, LLC ("Triple PG") in three pending state-court suits, and further abated this case until those underlying suits are resolved. Dkt. 37.

Atain's two-page motion for certification is devoid of any analysis. It merely recites the basic requirements for certification, declaring in conclusory fashion that the Order "meets all of the requisites of 28 U.S.C. § 1292(b)." Dkt. 38 at 1-2. This barebones request does not show that certification is warranted.

Section 1292(b) authorizes a district judge to certify an order for interlocutory appeal when the order "involves [(1)] a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and ... [(3)] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Unless all three criteria are satisfied, a court cannot certify an interlocutory appeal. *Clark-Dietz & Assocs. v. Basic Constr. Co.*, 702 F.2d 67, 68-69 (5th Cir. 1983).

"Section 1292(b) appeals are exceptional." *Id.* at 69. As the first two requirements indicate, "[t]here must be substantial ground for difference of opinion over the controlling question of law for certification under § 1292(b)." *Solis v. Universal Project Mgmt., Inc.*, 2009 WL 2018260, at *3 (S.D. Tex. July 6, 2009) (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006)). The mere fact that "a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* (quoting *Ryan*, 444 F. Supp. 2d at 723).

The Order applied "clearly established ... controlling Texas law that an insurer owes its insured a duty to defend 'if a plaintiff's factual allegations potentially support a covered claim.'" *Endurance Am. Specialty Ins. Co. v. Brown, Miclette & Britt, Inc.*, 2010 WL 816710, at *2 (S.D. Tex. Mar. 4, 2010) (quoting *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008)). As that precedent dictated, this Court "resolve[d] all doubts regarding the duty

to defend in favor of the duty[,]" "construe[d] the pleadings liberally[,]" and adhered to the principle that an insurer owes a duty to defend "[i]f a complaint potentially includes a covered claim ...." *Id.* (quoting *Zurich Am.*, 268 S.W.3d at 491); Dkt. 35 at 8-9 (collecting authorities for same principle).

Atain's mere disagreement with the Order fails to demonstrate a "substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b). Adopting the memorandum and recommendation, Dkt. 37, the Court concluded that the authorities cited by Atain did not establish a categorical rule that Triple G's discharged substances were "pollutants" *per se*, regardless of the factual allegations in the underlying suits. Dkt. 35 at 10-14. Rather, consistent with precedent, the Court adopted applied the established "eight corners rule," examining the plain language of the policy's pollution exclusion and compared them to the factual allegations in the underlying state-court petitions. *See* Dkt. 35 at 9-25.

Atain's prior reference to cases that reached a different result regarding the duty to defend—and that were based on different pleadings—"does not call the controlling law into question and does not provide a basis for certification of an interlocutory appeal of this Court's ruling." *Endurance Am. Specialty Ins. Co.*, 2010 WL 816710, at *2 (denying motion to certify an order holding that an insurer owed a duty to defend). Accordingly, Atain's motion for certification should be denied.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Atain Specialty Insurance Company's request for certification under 28 U.S.C. § 1292(b) (Dkt. 38) be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on April 4, 2023, at Houston, Texas.

*[Signature: Yvonne Y. Ho]*

Yvonne Y. Ho
United States Magistrate Judge